Guy B. Wallace (SBN 176151)
Mark T. Johnson (SBN 76904)
Travis C. Close (SBN 308673)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel:  (415) 421-7100
Fax:  (415) 421-7105
gwallace@schneiderwallace.com
mjohnson@schneiderwallace.com
tclose@schneiderwallace.com

Attorneys for Plaintiff and the Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| C.T., by and through her guardian ad litem and parent, DELENA SERAFIN, on behalf of herself and all others similarly situated,<br><br>         Plaintiffs,<br><br>    vs.<br><br>CALIFORNIA DEPARTMENT OF SOCIAL SERVICES; WILL LIGHTBOURNE, in his official capacity; PAT LEARY, in her official capacity; PAMELA DICKFOSS, in her official capacity; YMCA OF THE EAST VALLEY; and DOES 1-100 inclusive;<br><br>         Defendants. | Case No.: 5:18-cv-01655-JGB-KK<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR A SERVICE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  March 1, 2021<br>Time:  9:00 a.m.<br>Place: Courtroom 1<br>       3470 Twelfth St<br>       Riverside, California 92501<br>Judge: Hon. Jesus G. Bernal |

# TABLE OF CONTENTS

I.   INTRODUCTION ....................................................................................................1

II.  RELEVANT BACKGROUND .................................................................................2

III. LEGAL STANDARD................................................................................................3

IV.  ARGUMENT ...........................................................................................................5

   A.   The Class Representative Devoted Significant Time and Effort to
        this Litigation                                                              5

        1.   Pleadings and Pre-Litigation Investigation .......................................... 5

        2.   Participation in Litigation and Settlement Efforts................................ 6

        3.   Summary of Time Expended on Behalf of the Class ........................... 6

   B.   Plaintiff's Efforts Resulted in Substantial Benefits to the Class           6

   C.   The Duration of the Litigation Supports the Service Awards                  7

   D.   The Class Representative Has Acted in the Best Interests of the
        Class                                                                       8

   E.   The Requested Service Award Promotes the Public Policies
        Underlying the ADA and the Unruh Act                                        8

V.   CONCLUSION.........................................................................................................9

# TABLE OF AUTHORITIES

## Federal Case

*Ability Ctr. Of Greater Toledo v. City of Sandusky*,

   385 F.3d 901 (6th Cir. 2004)..................................................................8

*Boyd v. Bank of Am. Corp.*,

   No. SACV 13–0561–DOC, 2014 WL 6473804 (C.D. Cal. Nov. 18, 2014)..........4

*Corson v. Toyota Motor Sales U.S.A., Inc.*,

   No. CV-12-8499-JGB (VBKx), 2016 WL 1375838 (C.D. Cal. April 4, 2016) .....4

*In re Nucoa Real Margarin Litig.*,

   No. CV 10-00927 MMM (AJWx), 2012 U.S. Dist. LEXIS 189901 (C.D. Cal.

   June 12, 2012) ..................................................................................7

*In re Toys R Us–Del., Inc. –Fair & Accurate Credit Transactions (FACTA) Litig.*,

   295 F.R.D.438 (C.D. Cal. 2014) ...........................................................7

*McCrary v. The Elations Co., LLC*,

   No. EDCV 13-0242 JGB (SPx), 2016 WL 769703 (C.D. Cal. Feb. 25, 2016) ......4

*Pike v. County of San Bernardino*,

   No. EDCV 17-1680 JGB (KKx), 2020 WL 1049912 (C.D. Cal. Jan. 27, 2020) ...4

*Rodriguez v. West Publ'g Corp.*,

   563 F.3d 948 (9th Cir. 2009)..................................................................3

*Schaffer v. Litton Loan Servicing, LP*,

   No. CV 05–07673 MMM (JCx), 2012 WL 10274679 (C.D. Cal. Nov.13, 2012).3

*Smothers v. NorthStar Alarm Servs., LLC*, No. 2:17-cv-00548-KJM-KJN, 2020

   U.S. Dist. LEXIS 56473, (E.D. Cal. March 30, 2020)...........................................7

*Staton v. Boeing Co.*,

   327 F.3d 938 (9th Cir. 2003)..................................................................3, 4

*Van Vranken v. Atlantic Richfield Co.*,

   901 F. Supp. 294 (N.D. Cal. 1995) .........................................................4

ii

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SERVICE AWARD
*C.T. v. California Department of Social Services, et al.*, Case No. 5:18-cv-01655-JGB-KK

**State Case**

*Koire v. Metro Car Wash,*

    40 Cal. 3d 24 (1985) ....................................................................................8

*Munson v. Del Taco, Inc.,*

    46 Cal. 4th 661 (2009) ..................................................................................8

**Statutes**

42 U.S.C. § 12101(a)(7) ......................................................................................8

Cal. Civ. Code § 51 ........................................................................................2, 8

Cal. Civ. Code § 52 ............................................................................................8

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SERVICE AWARD
*C.T. v. California Department of Social Services, et al.,* Case No. 5:18-cv-01655-JGB-KK

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on March 1, 2020 at 9:00 a.m. in Courtroom 1 of the United States District Court for the Central District of California, located at 3470 Twelfth St., Riverside, California 92501, Plaintiffs will and hereby do move the Court for an order awarding $1,000 to Plaintiff C.T. for her efforts and contributions on behalf of the Settlement Class. The service award sought herein is in recognition of Plaintiff's service to the Class.  (Plaintiff C.T. is represented through her parent and *guardian ad litem*, Delena Serafin. References herein to Plaintiff C.T., therefore, also include actions taken by Ms. Serafin.)

This motion is based upon this notice of motion and motion; the memorandum of points and authorities in support thereof, the accompanying Declaration of Delena Serafin; the other records, pleadings, and papers filed in this case; such other evidence or argument that may be presented at the hearing on this motion; and any other matters that the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Plaintiffs request that this Court approve a service award to Plaintiff C.T for her important and substantial contributions to the Class in this matter. Plaintiff seeks an award of $1,000 for her participation in this lawsuit, including expending significant time and effort conferring with counsel, reviewing and commenting on pleadings and other documents, participating in settlement negotiations, and reviewing drafts of the proposed Settlement Agreement that, if finally approved by this Court, will resolve this action.  *See* Declaration of Delena Serafin In Support Of Plaintiff's Motion For A Service Award, ¶¶ 10-15 (Serafin Decl.).  The requested service award is modest, and is appropriate given the nature and duration of this litigation, Ms. Serafin's time and efforts to assist with the prosecution of this

1

litigation, the important public policies underlying the Plaintiff's claims, and the excellent result obtained for the Settlement Class. Plaintiff agreed to the proposed settlement with no expectation of receiving a service award. She understands that the Court, in its discretion, may reduce her proposed service award or deny it altogether. The Court may approve this settlement without approving the proposed service award.

Defendants do not oppose the requested service award. Settlement Agreement § 6. As the injunctive relief in this action has already been implemented, the service award will not reduce any benefits gained by the Class Members. Settlement Agreement § 4.1.

In short, Plaintiff has vigorously represented the interests of the class of children with mobility disabilities between the ages of 3 and 17 who reside in California and who have attempted or will attempt to enroll in a child care program licensed by the State of California, and should be compensated for the significant benefit that she has conferred on the class members. Settlement Agreement § 3.1.

Accordingly, for the reasons stated herein, Plaintiffs respectfully request that this Court approve the proposed service awards.

## II.    RELEVANT BACKGROUND

Plaintiff commenced this action on August 8, 2018.  Declaration of Guy B. Wallace in Support of Motion for Preliminary Approval of Class Action Settlement ("Wallace Decl.") ¶ 16; Dkt. No. 1. The Class Action Complaint alleged claims against Defendants under Titles II and III of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. Dkt. No. 1 at ¶¶ 40-63.

Plaintiff's participation in this matter was extensive. Plaintiff participated in numerous telephonic and in-person meetings with Class Counsel, during which she

was interviewed, provided factual assistance, kept up to date with the procedural

posture of the case, and received and reviewed pleadings, drafts of proposed

settlement agreements, and other documents related to the case.  She was directly

involved with evaluating and providing input into and agreeing to the terms of the

class settlement. Serafin Decl. ¶ 8-15. Prior to the start of litigation, Plaintiff

provided an extensive account of the discrimination she faced against Defendants as

well as the essential actors involved. Serafin Decl. ¶ 10-11. Plaintiff also assisted in

drafting a declaration in support of Plaintiff's Motion for Preliminary Approval of

the Class Action Settlement, which required time-consuming telephone interviews

and the exchange of multiple drafts between Plaintiff and Class Counsel. Serafin

Decl. ¶ 14; Dkt. No. 61-2.

Plaintiff C.T. was steadfast in her commitment to the best interests of the

Plaintiff Class and to her duties as a class representative despite the personal

difficulties she and her mother faced. Serafin Decl. ¶ 16-17.  The proposed

settlement permits Plaintiff to seek a service award in the amount of $ 1,000.

Defendant does not oppose the requested award.  Settlement Agreement ¶ 6.

## III.   LEGAL STANDARD

Service awards are common in class action cases. *Rodriguez v. West Publ'g
Corp.,* 563 F.3d 948, 958 (9th Cir. 2009) (service awards "are fairly typical in class
action cases."); *see also Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003)
("named plaintiffs ... are eligible for reasonable incentive payments."). The purpose
of such awards is "to compensate class representatives for work done on behalf of
the class [and] make up for financial or reputational risk undertaken in bringing the
action. . ." *Rodriguez*, 563 F.3d at 958-59; *Staton*, 327 F.3d at 977; *Schaffer v. Litton
Loan Servicing, LP*, No. CV 05–07673 MMM (JCx), 2012 WL 10274679, at *18
(C.D. Cal. Nov.13, 2012) ("[I]t is well established that the court may grant a modest

1    incentive award to class representatives, both as an inducement for their having

2    agreed to bring the action and as compensation for time spent in litigation

3    activities.").

4         In evaluating the appropriateness of service awards, courts consider the

5    following relevant factors: (1) the amount of time and effort spent by the class

6    representatives on the litigation; (2) the degree to which the class representative's

7    efforts benefitted the class; (3) the personal difficulties encountered by the class

8    representative; (4) the duration of the litigation; (5) the personal benefit, or lack

9    thereof, enjoyed by the class representative as a result of the litigation; and (6) the

10   risk to the class representative in commencing suit, both financial and otherwise.

11   *Staton*, 327 F.3d at 977; *Boyd v. Bank of Am. Corp.*, No. SACV 13–0561–DOC,

12   2014 WL 6473804, at *7 (C.D. Cal. Nov. 18, 2014) (citing *Van Vranken v. Atlantic*

13   *Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995)). When viewed in their

14   entirety, these factors weigh in favor of granting Plaintiff the modest service award

15   requested in the settlement.

16        The modest service award of $1,000 that is sought herein is well within the

17   range of service awards that are typically awarded in class action cases.  The Ninth

18   Circuit has approved service awards of $5,000 or more.  *See, e.g.*, *In re Online DVD-*

19   *Rental Antitrust Litig.*, 779 F.3d 934, 947-48 (9th Cir. 2015) (approving $5,000

20   service awards).  As this Court has held, service awards in the range of $5,000 to

21   $7,000 are "traditionally considered reasonable."  *Corson v. Toyota Motor Sales*

22   *U.S.A., Inc.*, No. CV-12-8499-JGB (VBKx), 2016 WL 1375838, at *10 (C.D. Cal.

23   April 4, 2016).  In its Order Granting Preliminary Approval, the Court stated with

24   respect to the proposed service award that "$1,000 is appropriately within the range

25   approved by the Ninth Circuit and other courts within this District."  Dkt. No. 64 at

26   9; *see also Pike v. County of San Bernardino*, No. EDCV 17-1680 JGB (KKx), 2020

27

WL 1049912, at *6 (C.D. Cal. Jan. 27, 2020) ("Typically, this Court awards no more than $10,000 in incentive awards, with most awards closer to $5,000."); *McCrary v. The Elations Co., LLC*, No. EDCV 13-0242 JGB (SPx), 2016 WL 769703, at *12 (C.D. Cal. Feb. 25, 2016) (incentive awards of $5,000 "traditionally considered reasonable in similar jurisdictions") (citation omitted).

## IV.    ARGUMENT

### A. The Class Representative Devoted Significant Time and Effort to this Litigation

Plaintiff C.T. and her mother Ms. Serafin expended significant time and effort in this case. They remained involved throughout the litigation, pursuing all available remedies from the beginning, and were critical to obtaining the injunctive relief provided by the Settlement which will prohibit the discrimination that children with mobility disabilities have previously faced in accessing child care programs in California.

### 1.  Pleadings and Pre-Litigation Investigation

Plaintiff spent considerable time and effort in pre-litigation investigation and in providing information to Class Counsel in connection with the preparation of pleadings filed on behalf of the Class herein. Ms. Serafin filed an ADA civil rights discrimination claim with the Department of Justice shortly after C.T. was first denied access to the YMCA's childcare program. Serafin Decl. ¶ 8. In the DOJ complaint Plaintiff described the discrimination she suffered and demanded that Defendant YMCA change its policies with respect to acceptance of children into their childcare programs. Serafin Decl. ¶ 8. The DOJ complaint provided a significant part of the factual basis upon which Class Counsel relied in their initial investigation of this matter.  Plaintiff provided similar assistance in the preparation of Counsel's pre-litigation letter to the State Defendants, which detailed the

5

discrimination faced by C.T. while attempting to enroll at the YMCA as well as Ms. Serafin's extensive communications with the program director. Serafin Decl. ¶ 10. Class Counsel later interviewed Plaintiff on other occasions as part of their preparation of the Class Action Complaint.  In those discussions, Ms. Serafin articulated the discrimination she faced in even greater detail.

### 2.  Participation in Litigation and Settlement Efforts

Regular contact between Plaintiff and Class Counsel was key to moving the case along and achieving an excellent result for the Class. Throughout this litigation, Plaintiff regularly contacted Class Counsel to be updated on the status of the case and to discuss strategy. Serafin Decl. at ¶ 12. As the parties' negotiations approached closer to settlement, Plaintiff reviewed and commented on several drafts of the Settlement Agreement.  *Id.* at ¶ 13. Moreover, Plaintiff assisted in the preparation of her Declaration as part of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, which required the exchange of multiple drafts back-and-forth with Class Counsel. *Id.* at ¶ 14.

### 3.  Summary of Time Expended on Behalf of the Class

Plaintiff's spent approximately 20 hours assisting Class Counsel with the litigation of this case. Serafin Decl. ¶ 15.  For a service award of $1,000, this time spent would amount to a compensation rate of approximately $50 per hour. Plaintiff C.T.'s commitment of time and effort, and the substantial benefit of those contributions to the Class, weigh heavily in favor of granting the modest service award sought herein.

### B. Plaintiff's Efforts Resulted in Substantial Benefits to the Class

In addition to weighing the amount of time and effort expended by the class representatives, courts also consider the degree to which class representative's efforts benefitted the class.  *Staton*, 327 F.3d at 977.  Plaintiff C.T.'s contribution to

6

this litigation will have a substantial positive impact on the class of children with mobility disabilities throughout the State of California who have attempted or will attempt to enroll in licensed childcare programs. The discrimination faced by Plaintiff and countless other children with mobility disabilities will be ceased. Plaintiff's personal encounter with discrimination has resulted in a carefully constructed settlement agreement reached after over two years of litigation. Plaintiff actively participated in the case throughout, pushing forward until the parties reached a settlement agreement that will prevent further disability discrimination of the type that she endured as described in the Complaint, thus conferring a tremendous benefit on the Class. This factor weighs heavily in favor of awarding the modest service award requested herein.

**C. The Duration of the Litigation Supports the Service Awards**

Perseverance in pursuing litigation on behalf of the class over the course of multiple years supports the approval of reasonable service awards. "When litigation has been protracted, an incentive award is especially appropriate." *In re Toys R Us– Del., Inc. –Fair & Accurate Credit Transactions (FACTA) Litig.*, 295 F.R.D.438, 471 (C.D. Cal. 2014). Here, Plaintiff represented the interests of the class for over two years and was prepared to persevere through trial and appeal before a settlement was reached. Indeed, the proposed service award in this case is less in amount than many others that have been approved in cases of similar or shorter duration. *See, e.g.*, *Smothers v. NorthStar Alarm Servs., LLC*, No. 2:17-cv-00548-KJM-KJN, 2020 U.S. Dist. LEXIS 56473, at *35-36 (E.D. Cal. March 30, 2020) (granting $10,000 service awards where litigation went on for just over a year and noting that that duration "weigh[ed] slightly in favor of granting each [plaintiff] an incentive award"); *In re Nucoa Real Margarine Litig.*, No. CV 10-00927 MMM (AJWx), 2012 U.S. Dist. LEXIS 189901, at *116-18 (C.D. Cal. June 12, 2012) (approving

$8,000 service awards where litigation lasted for just over two years and noting that this duration of litigation weighed "slightly in favor of approving the incentive award."). Accordingly, this factor weighs in favor of the requested service award.

### D. The Class Representative Has Acted in the Best Interests of the Class

Plaintiff has acted in the best interests of the Settlement Class throughout this litigation.  Serafin Decl. ¶ 16.  The reason she brought this case was to ensure that other children with mobility disabilities would not suffer the difficulty, embarrassment, and frustration that C.T. suffered while attempting to enroll in a childcare program. Plaintiff understands that her receipt of a service award is subject to the Court's discretion. Her support for the Settlement is not conditioned on the promise of a service award or any other personal benefit. Serafin Decl. ¶ 18.

### E. The Requested Service Award Promotes the Public Policies Underlying the ADA and the Unruh Act

Approving the requested service awards will promote the important public policies underlying Plaintiffs' civil-rights claims. Congress enacted the ADA to empower people with disabilities to live full and independent lives to the maximum extent possible. *See* 42 U.S.C. § 12101(a)(7). Congress expressly intended to address "indirect forms of discrimination" that result from inaction rather than overt hostility. *Ability Ctr. Of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 909 (6th Cir. 2004).

Similarly, the Unruh Act was enacted in part to effectuate full and equal access for people with disabilities to places of public accommodation. *See, e.g.*, M*unson v. Del Taco, Inc.*, 46 Cal. 4th 661, 673 (2009). The Unruh Act's statutory damages provision recognizes that an experience of discrimination is inherently harmful, regardless of whether it resulted in concrete financial losses. *See id.*; *Koire v. Metro Car Wash*, 40 Cal. 3d 24, 33 (1985) ("[B]y passing the Unruh Act, the Legislature

established that arbitrary...discrimination by businesses is per se injurious. Section 52 provides for minimum statutory damages...for every violation of section 51, regardless of the plaintiff's actual damages."). Thus, by enforcing Class Members' rights under the ADA and the Unruh Act to access to child care centers and the YMCA, Plaintiff has substantially furthered important public policies concerning the civil rights of people with mobility disabilities. A service award of $1,000 for Plaintiff C.T. is therefore warranted.

## V.    CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that this Court approve the requested service award.

Respectfully submitted,

Dated:  December 14, 2020          */s/ Travis C. Close*

Travis C. Close
Attorneys for Plaintiffs