Guy B. Wallace (SBN 176151)
gwallace@schneiderwallace.com
Mark T. Johnson (SBN 76904)
mjohnson@schneiderwallace.com
Travis C. Close (SBN 308673)
tclose@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Facsimile:  (415) 421-7105

*Attorneys for Plaintiffs and the Settlement Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| C.T., by and through her guardian ad litem and parent, DELENA SERAFIN, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, et al.,<br><br><br>    Defendants. | **CLASS ACTION**<br><br>Case No.: 5:18-cv-01655-JGB-KK<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    March 1, 2021<br>Time:    9:00 a.m.<br>Place:   Courtroom 1<br>          3470 Twelfth Street<br>          Riverside, CA 92501<br>Judge:   Hon. Jesus G. Bernal |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ........................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I.   INTRODUCTION .................................................................................................. 1

II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ................... 2

    A.   The Complaint .............................................................................................. 2

    B.   Preliminary Approval .................................................................................. 3

    C.   Notice to the Class and the Class Members' Favorable Reaction ........ 4

    D.   The Parties Have Complied with the Class Action Fairness Act ......... 5

III.   ARGUMENT ........................................................................................................ 6

    A.   The Settlement Agreement Is Fair, Reasonable and Adequate and Should be Finally Approved ..................................................................... 6

        1.   The Legal Standard for Final Approval .......................................... 6

        2.   The Rule 23(e)(2) Factors Weigh Strongly in Favor of Final Approval ............................................................................................. 8

            a.   The Class Representative and Class Counsel Have Adequately Represented the Class. .............................. 8

            b.   The Settlement Was Negotiated at Arm's Length. ......... 8

            c.   The Relief Offered in Settlement Is More than Adequate. ................................................................................... 9

                i.   The Settlement Provides for Comprehensive Relief. ............................................................................ 9

                ii.   The Risk, Expense, Complexity, and Likely Duration of Further Litigation ................................ 10

            d.   The Settlement Does Not Grant Preferential Treatment to the Named Plaintiff. .............................. 11

        3.   The Remaining *Churchill/Hanlon* Factors Also Weigh Strongly in Favor of Final Approval. ............................................ 11

            a.   The Strength of Plaintiff's Case ...................................... 11

            b.   The Risk of Maintaining Class Action Status Through Trial ...................................................................... 12

            c.   The Extent of Discovery Completed and the Stage of the Proceedings ..................................................... 13

            d.   The Experience and Views of Counsel ......................... 13

            e.   The Presence of a Governmental Participant ............... 14

i

        f.    The Reaction of the Class Members to the Proposed
              Settlement ......................................................................... 14
    B.    The Proposed Service Award Should Be Approved .......................... 15
    C.    Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs and
          Litigation Expenses Should Be Approved ....................................... 15

IV.    CONCLUSION ............................................................................................ 16

1

# <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Alikhan v. Goodrich Corp.*,
No. CV 17-6756 JGB (RAOx), 2020 WL 4919382 (C.D. Cal. June 25, 2020) .... 12, 15

*Californians for Disability Rights, Inc. v. Cal. Dept. of Transp.*,
No. 4:06-cv-05125-SBA, 2010 WL 2228531 (N.D. Cal. June 2, 2010) .................. 11

*Churchill Vill., L.L.C. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) ................................................................................ 7, 13

*Corona v. Remington Lodging & Hosp.*, LLC, No. EDCV 17-1371 JGB (SPx),
2019 U.S. Dist. LEXIS 68116 (C.D. Cal. Apr. 22, 2019) ...................................... 15

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ...................................................... 6, 7, 13, 14

*Hesse v. Sprint Corp.*,
598 F.3d 581 (9th Cir. 2010) ................................................................................... 10

*Hollis v. Union Pac. R.R. Co.*,
No. EDCV 17-2449 JGB (SHKx), 2018 U.S. Dist. LEXIS 161232
(C.D. Cal. Sep. 19, 2018) ........................................................................................ 14

*In re Anthem, Inc. Data Breach Litig.*,
327 F.R.D. 299 (N.D. Cal. 2018) ............................................................................ 11

*In re Bluetooth Headset Prods. Liability Litig.*,
654 F.3d 935 (9th Cir. 2011) ..................................................................................... 7

*In re Hyundai and Kia Fuel Economy Litig.*,
926 F.3d 539 (9th Cir. 2019) ..................................................................................... 6

*In re Pac. Enters. Sec. Litig.*,
47 F.3d 373 (9th Cir. 1995) ..................................................................................... 13

*In re Toys "R" Us- Delaware, Inc.- Fair & Accurate Credit Transactions Act (FACTA) Litig.*,
295 F.R.D. 438 (C.D. Cal. 2014) ........................................................................ 8, 13

*John Doe One v. United Healthcare Ins. Co.*,
No. SACV—13—00864—DOC (JPRx), 2014 WL 3865847
(C.D. Cal. July 31, 2014) ........................................................................................ 12

*Johnson v. Shaffer*,
No. 2:12-cv-1059-KJM-ACP, 2016 WL 3027744 (E.D. Cal. May 27, 2016) ........... 14

*Kim v. Tinder, Inc.*,
No. CV 18-3093-JFW(ASx), 2019 U.S. Dist. LEXIS 108041
(C.D. Cal. June 19, 2019) ........................................................................................ 14

*Lane v. Facebook, Inc.*,
696 F.3d 811 (9th Cir. 2012) ..................................................................................... 7

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iii

*Linney v. Cellular Alaska P'ship*,
151 F.3d 1234 (9th Cir. 1998)................................................................13

*McCrary v. Elations Co., LLC*,
No. EDCV 13-0242 JGB (SPx), 2016 U.S. Dist. LEXIS 24050
(C.D. Cal. Feb. 25, 2016) ........................................................................8

*Metrow v. Liberty Mut. Managed Care LLC*,
No. EDCV 16-01133 JGB (KKx), 2018 U.S. Dist. LEXIS 100835
(C.D. Cal. June 14, 2018) ..............................................................14, 15

*Nat'l Rural Telecomms. Coop.*,
221 F.R.D. 523 (C.D. Cal. 2004) ......................................11, 12, 14, 15

*Nunez v. BAE Systems San Diego Ship Repair Inc.*,
292 F. Supp. 3d 1018 (S.D. Cal. 2017)................................................12

*Officers for Justice v. Civ. Serv. Comm'n of City and County of San Francisco*,
688 F.2d 615 (9th Cir. 1982)................................................................6, 7

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ...............7, 12, 13

*Woodard v. Labrada*,
No. EDCV 16-00189 JGB (SPx), 2019 U.S. Dist. LEXIS 221179
(C.D. Cal. Oct. 7, 2019) ................................................................12, 14

**Statutes and Regulations**

28 U.S.C. § 1715................................................................................................6

28 U.S.C. § 1715(b) .....................................................................................5, 6

42 U.S.C § 12131 ...........................................................................................2, 3

42 U.S.C. § 12101 ..........................................................................................1, 3

Cal. Civ. Code § 51 ...........................................................................................1

Cal. Civ. Code § 51(f).......................................................................................2

Cal. Code Regs. tit 22, § 101161 ..............................................................passim

**Rules**

Fed. R. Civ. P. 23 ..........................................................................................1, 2

Fed. R. Civ. P. 23(b)(2).................................................................................3, 4

Fed. R. Civ. P. 23(e) .........................................................................................6

Fed. R. Civ. P. 23(e)(2)....................................................................................6

Fed. R. Civ. P. 23(e)(2)(A) ..............................................................................8

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on March 1, 2021 at 9:00 a.m., in the Courtroom of the Honorable Jesus G. Bernal, United States District Judge for the Central District of California, located at 3470 Twelfth Street, Riverside, California, Plaintiffs will and hereby do move the Court, in accordance with Federal Rule of Civil Procedure 23, for an Order granting final approval of the Parties' proposed Settlement Agreement and the exhibits attached thereto (collectively, "Settlement Agreement").  This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Settlement Agreement, including all exhibits thereto, the accompanying Declaration of Guy B. Wallace, as well as the argument of counsel, all papers and records on file in these cases, and such other matters as the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

The proposed Settlement Agreement provides extensive injunctive relief for the Settlement Class.  The Settlement Agreement provides comprehensive injunctive relief to remedy the violations of the Americans with Disabilities Act of 1990 ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code Sections 51, *et seq.*, that were alleged in the Complaint. The Settlement requires that the California Department of Social Services ("CDSS"), Will Lightbourne, the Director of CDSS, Pat Leary, the Chief Deputy Director of CDSS, and Pamela Dickfoss, the Deputy Director of the Community Care Licensing Division (collectively "State Defendants") refrain from reinstating section 101161 of Title 22 of the Code of California Regulations as it existed at the time of the filing of the Complaint, and from adopting any future regulation that has the effect of permitting licensed child care centers to deny access to children with mobility disabilities on the basis that the centers or rooms are only approved for ambulatory children. Settlement Agreement at § 4.1.1. Settlement Class Members only release their claims based on facts alleged in the Complaint for

declaratory and injunctive relief, but do not release potential claims for damages. *Id.* at § 8.1.2.

This Court preliminarily approved the proposed Settlement on October 29, 2020. *See* Dkt. No. 64.  Since then, the Parties have caused Notice of the Settlement to issue in conformance with this Court's Order Granting Preliminary Approval.  *See* Declaration of Guy B. Wallace in Support of Motion for Final Approval of Class Action Settlement ("Wallace Decl."), ¶¶ 4-6.  The deadline for objecting to the proposed Settlement was January 25, 2021.  As of the date of this submission, there are no objections.  *Id.* at 6.

The proposed Settlement is fair, reasonable and adequate, and satisfies all of the criteria for final approval under Rule 23 of the Federal Rules of Civil Procedure. Accordingly, Plaintiffs respectfully request that this Court: (i) grant final approval of the Settlement; and (ii) retain jurisdiction over the Settlement to enforce its terms.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Complaint

Plaintiffs filed the Complaint on August 8, 2018.  Plaintiffs alleged that Title 22 of the California Code of Regulations, section 101161, which provided that "[c]hild care centers or rooms approved for ambulatory children only shall not be used by nonambulatory children," discriminated against persons with mobility disabilities in violation of Title II of the ADA. Plaintiffs alleged that the regulation violated the ADA on its face.  Plaintiffs further alleged that section 101161 had an unlawful disparate impact on children with mobility disabilities because it resulted in them being screened out from child care programs in California. Complaint, ¶¶ 1, 46(a)-(g).  In addition, Plaintiffs alleged that public accommodations such as the YMCA, which relied on the regulation to justify their refusal to accept children with mobility disabilities, violated Title III of the ADA.  Complaint, ¶¶ 51, 54(a)-(e). The Complaint alleged that the foregoing violations of the ADA constituted violations of the Unruh Civil Rights Act, Cal. Civ. Code § 51(f).  *Id.* at ¶¶ 57-63.

Plaintiff C.T. brought suit under Title II of the ADA against the State Defendants on behalf of herself and the following putative class: "All children with disabilities who use wheelchairs, scooters, canes or other mobility aids and who reside in California and who have attempted or will attempt to enroll in a child care program licensed by the State of California during the CLASS PERIOD." *Id.* at ¶ 31. Plaintiffs sought class certification pursuant to Rule 23(b)(2) for declaratory and injunctive relief only. *Id.* at ¶¶ 30, 39.

Plaintiffs sought injunctive relief including but not limited to an injunction requiring the State Defendants to come into compliance with the requirements of Title II of the ADA and its implementing regulations by rescinding or modifying Section 101161 of Title 22 of the California Code of Regulations. In addition, Plaintiffs sought injunctive relief requiring Defendant YMCA to come into compliance with the requirements of Title III of the ADA and its implementing regulations, including *inter alia*, obtaining a non-ambulatory fire clearance for its licensed child care programs, and agreeing to admit C.T into its extended care program at Franklin Elementary School if she wished to enroll. Complaint, Prayer for Relief at ¶¶ 2, 4, 6.

Plaintiff sought individual compensatory and statutory damages under the ADA and the Unruh Act. Complaint, Prayer for Relief at ¶ 6.

**B.    Preliminary Approval**

On October 29, 2020, this Court granted preliminary approval of the proposed Settlement. *See* Order (1) Granting Preliminary Approval of Class Action Settlement; and (2) Vacating the November 2, 2020 Hearing (Dkt. No. 64) ("Preliminary Approval Order"). In its Preliminary Approval Order, the Court conditionally certified the following Settlement Class:

> All children with mobility disabilities between the ages of three (3) and seventeen (17) who use wheelchairs, scooters, canes or other mobility aids and who reside in California and who have attempted or will attempt to enroll in a child care program licensed by the State of California.

*Id.* at 5-6.  The Court certified the class for declaratory and injunctive relief only pursuant to Federal Rule of Civil Procedure ("Rule") 23(b)(2).  *Id.* at 10.  This Court appointed Plaintiff C.T. by and through her guardian ad litem and parent Delena Serafin as Class Representative for the Settlement Class.  *Id.*

## C.   <u>Notice to the Class and the Class Members' Favorable Reaction</u>

After preliminary approval, the Parties effected notice pursuant to this Court's Preliminary Approval Order.  Wallace Decl. ¶¶ 6-8; State Defendants' Certification of Publication and Dissemination of Class Notices, and Declaration of Chana Wynne Swan, Dkt. No. 71.

On November 11, 2020 and November 27, 2020, State Defendants initiated publication in the Los Angeles Times of the short form class notice.  Dkt. No. 71 at 2. Publication of the short form notice was initiated by State Defendants in the San Francisco Chronicle on November 12, 2020 and November 27, 2020.  *Id.*  On November 13, 2020, State Defendants disseminated copies of the long form notice by first class mail.  *Id.*

Class Counsel also established a settlement website (https://childrenwithdisabilitieschildcaresettlement.com/) to inform Class Members of the Settlement, their rights and options, and applicable dates and deadlines; to make important case documents (including the Settlement Agreement and operative Complaint) available for review and download by Class Members; and to provide Class Counsel's contact information.  Wallace Decl. ¶ 5.

The Notice of Settlement was also provided to the 38 organizations listed in Exhibit C of the Settlement Agreement, which were identified by Class Counsel as organizations that serve the interests of children with mobility disabilities.  Wallace Decl. ¶ 4; State Defendants' Certification Of Publication And Dissemination Of Class Notices; Declaration of Chana Wynne Swan, Dkt. No. 71.  Each form of notice was published, posted or mailed by the deadlines set forth in the Settlement and the Court's Preliminary Approval Order.  Wallace Decl. ¶ 4; State Defendants' Certification of

1   Publication and Dissemination of Class Notices, and Declaration of Chana Wynne

2   Swan, Dkt. No. 71.

3          The Court-approved Class Notice explained the litigation and the terms of the

4   Settlement, including the injunctive relief, release of claims, and amounts requested for

5   Plaintiff C.T.'s service award and Class Counsel's attorneys' fees, costs, and litigation

6   expenses.  The Notice also informed Class Members how to object to the Settlement and

7   provided a website link to obtain further information about the Settlement or Settlement

8   documents.  Class Members had until January 25, 2021 to object to the Settlement.  *See*

9   Preliminary Approval Order, Dkt. No. 64 at 10.

10         Class Members have responded favorably to the proposed Settlement so far.  As

11  of the date of this submission, there are no objections to the proposed Settlement.

12  Wallace Decl. ¶¶ 6, 34.

13  **D.**     **The Parties Have Complied with the Class Action Fairness Act**

14         When settlement is reached in certain class action cases, CAFA requires as

15  follows:

16         Not later than 10 days after a proposed settlement of a class action is
17         filed in court, each defendant that is participating in the proposed
           settlement shall serve [notice of the proposed settlement] upon the
18         appropriate State official of each State in which a class member resides
           and the appropriate Federal official ....
19

20  28 U.S.C. § 1715(b).

21         The statute provides detailed requirements for the contents of such a notice. *Id.* A

22  court is precluded from granting final approval of a class action settlement until the

23  notice requirement is met:

24         An order giving final approval of a proposed settlement may not be
           issued earlier than 90 days after the later of the dates on which the
25         appropriate Federal official and the appropriate State official are
           served with the notice required under [28 U.S.C. § 1715(b)].
26

27  28 U.S.C. § 1715(d).

28

5

State Defendants have certified that, on October 13, 2020, in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715 (CAFA), they served notice of the settlement, with copies of the required documents, on the United States Attorney General and all appropriate state officials.  Dkt. No. 66. The notice was served more than 90 days before the date of the final approval hearing on March 1, 2021. The notice contained the information required by 28 U.S.C. § 1715(b) and was timely served in the manner required by that section.  *Id.* Accordingly, the CAFA notice requirements have been satisfied.

## III.    ARGUMENT

### A.    The Settlement Agreement Is Fair, Reasonable and Adequate and Should be Finally Approved

#### 1.    The Legal Standard for Final Approval

The law favors the settlement of class actions.  *See, e.g., In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc).  "[T]he decision to approve or reject a settlement is committed to the sound discretion of the trial judge because he [or she] is exposed to the litigants and their strategies, positions, and proof."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (internal citations and quotations omitted).

To grant final approval of a settlement, "Fed. R. Civ. P. 23(e) requires the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable."  *Hanlon,* 150 F.3d at 1026; *see also*, *Officers for Justice v. Civ. Serv. Comm'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) (stating that the "universally applied standard" is whether the settlement is "fundamentally fair, adequate, and reasonable").  "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."  *Hanlon*, 150 F.3d at 1026.

Rule 23(e)(2) states as follows:

a court may approve a settlement only on finding that it is fair, reasonable, and adequate after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (ii) the terms of any proposed award of attorney's fees, including timing of payment; (D) The proposal treats class members equitably relative to each other.

Under well-settled Ninth Circuit precedent, in order to assess a class action settlement, courts must balance several similar factors, including the following "*Hanlon* factors*":

[t]he strength of plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (quoting *Hanlon*, 150 F.3d at 1026). These same factors are also sometimes referred to as the eight "*Churchill* factors." *See, e.g., In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)).

To satisfy appellate review, the Court must demonstrate comprehensive consideration of all factors. However, in conducting this analysis, the Ninth Circuit has noted that "'it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements.'" *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 964 (9th Cir. 2009) (quoting *Officers for Justice*, 688 F.2d at 625). Accordingly, when determining whether to grant final approval, the Court's role in reviewing "what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625; *see also In re Toys*

"R" Us- Delaware, Inc.- Fair & Accurate Credit Transactions Act (FACTA) Litig., 295 F.R.D. 438, 449 (C.D. Cal. 2014).

As discussed below, the proposed Settlement clearly meets the requirements for final approval.

**2.    The Rule 23(e)(2) Factors Weigh Strongly in Favor of Final Approval**

**a.    The Class Representative and Class Counsel Have Adequately Represented the Class**

As this Court previously found when it preliminarily approved the Settlement and certified the Settlement Class, Plaintiff C.T. and Class Counsel have adequately represented the Class. Plaintiff C.T. has no conflicts with the Class, and has actively participated in the litigation and represented the interests of the Class.  Preliminary Approval Order, Dkt. No. 64 at 4-5.  Class Counsel have thoroughly investigated the Class claims, obtained an excellent result on behalf of the Class, and have no conflicts of interest with the Class.  This factor therefore supports a finding that the Settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2)(A).

**b.    The Settlement Was Negotiated at Arm's Length**

"[S]ettlements are afforded a presumption of fairness if the negotiations occurred at arm's length." *McCrary v. Elations Co., LLC*, No. EDCV 13-0242 JGB (SPx), 2016 U.S. Dist. LEXIS 24050, at *27 (C.D. Cal. Feb. 25, 2016); *see also Rodriguez*, 563 F.3d at 965 ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution.") (internal citations omitted).

In its Preliminary Approval Order, this Court found that the Settlement was negotiated at arm's-length, negotiations having occurred over the span of multiple years and involving the "slow-moving bureaucracy of rulemaking."  Dkt. No. 64 at 9. The service award of $1,000 sought for Plaintiff C.T. was found to be within the range of other service awards approved by the Ninth Circuit. *Id.* The Court also had "no concerns" that the attorneys' fees arrangement negotiated in the Settlement Agreement would harm the Class. *Id.*  Critically, any fees awarded will be paid by Defendants and

1   will not diminish the equitable relief provided to the Class by the Settlement

2   Agreement. *Id.*

3            **c.    The Relief Offered in Settlement Is More than Adequate**

4                 **i.    The Settlement Provides for Comprehensive Relief**

5                      **(a)    Injunctive Relief**

6            The injunctive relief guaranteed by the Settlement constitutes an excellent result

7   for the Settlement Class.  Wallace Decl. ¶ 42. The proposed Settlement achieves a

8   "meaningful resolution to the claims outlined in the Complaint," including Defendants'

9   failure to ensure equal access to child care centers for children with mobility disabilities

10  within the State of California.  Preliminary Approval Order, Dkt. No. 64 at 8.  Effective

11  June 17, 2019, State Defendants amended Title 22, California Code of Regulations,

12  section 101161 to remove any alleged discriminatory effect.  Dkt. No. 42 at 3.  Section

13  101161 now merely prohibits child care licensees from operating a child care center

14  beyond the conditions and limitations specified on the license. Settlement Agreement at

15  § 4.1.1.  The proposed Settlement also requires State Defendants to refrain from

16  reinstating section 101161 of Title 22 of the Code of California Regulations as it existed

17  at the time of the filing of the Complaint, and from adopting any future regulation that

18  has the effect of permitting licensed child care centers to deny access to children with

19  mobility disabilities on the basis that the centers or rooms are only approved for

20  ambulatory children. Settlement Agreement at § 4.1.1.  In addition, as a result of the

21  Settlement, the YMCA has confirmed that it has obtained a non-ambulatory fire

22  clearance for its licensed child care programs. *Id.* at § 4.1.2.

23          In sum, the Settlement provides the Class Members with comprehensive

24  injunctive relief, ensuring that children with mobility disabilities will not be prevented

25  from accessing child care centers due to a facility's failure to obtain a fire clearance for

26  non-ambulatory children.  Thus, the Settlement provides complete relief for the Class

27  with respect to the State's discriminatory regulation.  Wallace Decl. ¶ 30.  It is doubtful

28  that this Court could have ordered greater injunctive relief if Plaintiffs had prevailed at

trial.  Preliminary Approval Order, Dkt. No. 64 at 8 ("[I]t is unclear what other kinds of injunctive relief could be gained if this case continued to trial.").

### (b) The Settlement Contains a Narrow Release of Claims

In exchange for the equitable relief provided for by the Agreement, Class Members release "any and all claims, actions, causes of action, or liabilities, whether known or unknown, suspected or unsuspected, for injunctive or declaratory relief, based on the claims asserted in the Complaint or claims that could have been asserted based on the facts alleged in the Complaint on behalf of the class."  Settlement Agreement at § 8.1.2.  There is no damages release on the part of the Settlement Class.  Settlement Class members are deemed to release claims against Released Persons for injunctive or declaratory relief only.  *Id.* at 8.1.3.  This narrow release of class claims fully accords with Ninth Circuit precedent.  *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010).

Pursuant to the Settlement, and subject to Court approval, Plaintiff C.T. will receive individual damages in the amount of $17,500.  Accordingly, she is providing a general release of claims.  Plaintiff C.T.'s released claims include claims relating to the litigation, the practices, policies, and procedures of Defendant YMCA as existed before the date of final approval of the Settlement Agreement, "any architectural or design feature or element or manner of operation of any place of accommodation owned, operated, or controlled by Defendant YMCA" existing before the date of final approval, and claims arising under the ADA, the Unruh Civil Rights Act, the Disabled Persons Act, and "any claims under any statute or common law right, including breach of contract, fraud, or intentional or negligent infliction of emotional distress."  *Id.* at § 8.2.

### ii.    The Risk, Expense, Complexity, and Likely Duration of Further Litigation

Consistent with Court's finding at preliminary approval, the potential risks, expense, complexity and duration of further litigation of this case support final approval.  Preliminary Approval Order, Dkt. No. 64 at 8.  Courts have long recognized the inherent risks and "vagaries of litigation," and emphasized the comparative benefits

10

of "immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004); *see also, In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 318 (N.D. Cal. 2018) (delay in recovery as a result of trial and appellate proceedings weighs in favor of final approval where "[s]ettlement provides the Class with timely, certain, and meaningful recovery"). The "inherent" risks of protracted litigation, trial and appeal are all factors that militate in favor of settlement in disability rights cases under the ADA. *See, e.g.*, *Californians for Disability Rights, Inc. v. Cal. Dept. of Transp.*, No. 4:06-cv-05125-SBA, 2010 WL 2228531, at *3 (N.D. Cal. June 2, 2010) ("The settlement affords significant and immediate relief that may never have materialized had the trial concluded."). Given the profound importance for children with disabilities in the State of California to have access to child care programs, the potential for years of delayed implementation of injunctive relief is a significant concern. Considered against the risks of continued litigation, and the importance of the accessibility of child care centers to the Class Members, the totality of relief provided under the proposed Settlement is fair, reasonable and adequate. Wallace Decl. ¶ 41.

### d.    The Settlement Does Not Grant Preferential Treatment to the Named Plaintiff

As discussed, subject to Court approval Plaintiff C.T. will also receive a service award not to exceed $1,000, which Plaintiffs submit is fair and reasonable to recognize and compensate Plaintiff C.T. for the effort and risks she took in stepping forward to assert her claims, her participation in settlement negotiations, and her work done on behalf of the Class to prosecute its claims. *See* Plaintiff's Motion for a Service Award (Dkt. No. 69) and discussion *infra* at § III.B.

### 3.    The Remaining *Churchill/Hanlon* Factors Also Weigh Strongly in Favor of Final Approval

### a.    The Strength of Plaintiff's Case

There can be no reasonable dispute that Plaintiffs developed a strong case on the

merits.  However, the Parties disputed fundamental elements of Plaintiffs' claims, such as whether licensed child care providers relied on the CDSS regulation as a pretext for discrimination, whether Plaintiffs were entitled to any of the relief sought in the Complaint, and whether the instant action could be properly maintained as a class action.  Answer to Complaint, Dkt. No. 23 ¶¶ 6, 49, Seventh Affirmative Defense. The litigation involved novel applications of federal and state civil rights statutes to child care and fire safety regulations.  The resolution of these legal and factual issues was therefore uncertain. As this Court has stated, "unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Alikhan v. Goodrich Corp.*, No. CV 17-6756 JGB (RAOx), 2020 WL 4919382, at *6 (C.D. Cal. June 25, 2020) (quoting *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 526); *see also Woodard v. Labrada*, No. EDCV 16-00189 JGB (SPx), 2019 U.S. Dist. LEXIS 221179, at *17 (C.D. Cal. Oct. 7, 2019) ("Without the Settlement Agreement, the parties would be required to litigate the merits of the case—a process which the Court acknowledges is long, complex, and expensive.").

Pursuant to the Settlement Agreement, however, it is guaranteed that licensed child care centers in the State of California will not be able to rely on section 101161 to deny access to children with mobility disabilities.  Accordingly, this factor favors final approval.

**b.    The Risk of Maintaining Class Action Status Through Trial**

Defendants disputed whether this case was appropriate for class treatment. Answer to Complaint, Dkt. No. 23, Seventh Affirmative Defense.  Here, Plaintiffs sought certification of a state-wide class.  Courts have recognized that achieving class certification and maintaining class status through trial in large complex cases raises inherent risks.  *See, e.g.*, *Rodriguez*, 563 F.3d at 966; *Nunez v. BAE Systems San Diego Ship Repair Inc.*, 292 F. Supp. 3d 1018, 1038 (S.D. Cal. 2017); *John Doe One v. United Healthcare Ins. Co.*, No. SACV—13—00864—DOC (JPRx), 2014 WL 3865847, at *2 (C.D. Cal. July 31, 2014).  Accordingly, this factor weighs in favor of approval.

c.      **The Extent of Discovery Completed and the Stage of the Proceedings**

Courts require the parties to have conducted sufficient discovery to be able to make an informed decision about the value and risks of the action and come to a fair settlement. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998). The purpose of the Ninth Circuit's consideration of the extent of the parties' discovery is to ensure that counsel negotiating the pending settlement were fully informed of the facts and issues at stake. *Rodriguez*, 563 F.3d at 967 (affirming the district court's finding that discovery had been extensive where the court "could find that counsel had a good grasp on the merits of their case before settlement talks began"); *Hanlon*, 150 F.3d at 1027 (affirming the district court's approval of class settlement where "[t]here [was] no evidence to suggest that the settlement was negotiated in haste or in the absence of information illuminating the value of plaintiffs' claims").

As this Court found when preliminarily approving the Settlement, the unique attributes of this case, including the early start of settlement negotiations, mean that extensive formal discovery was not undertaken. Preliminary Approval Order, Dkt. No. 64 at 8. However, despite the lack of extensive discovery, the Court found that the parties have "reached a late stage due to Defendants' change to Section 101161, exactly the kind of relief Plaintiff sought in the Complaint." *Id.* Because the parties were able to achieve meaningful relief without undertaking extensive discovery, "[t]his is sufficient for the Court to consider this case well-litigated." *Id.*

d.      **The Experience and Views of Counsel**

Courts must also consider the experience and views of counsel regarding the settlement. *Churchill Vill., L.L.C.,* 361 F.3d at 576-77. "Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation.'" *Toys "R" Us*, 295 F.R.D. at 455 (quoting *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)). This Court has stated that the views and experience of plaintiff's counsel weigh in favor of approval

where counsel "demonstrates a realistic and balanced view of the potential outcome of the litigation based on the facts of the case and the relative positions of the parties." *Woodard*, 2019 U.S. Dist. LEXIS 221179, at *20.

Class Counsel have extensive experience litigating and settling systemic disability rights and other complex class actions. Preliminary Approval Order, Dkt. No. 64 at 8-9 (citing Dkt. 61-1 at ¶¶ 6-8). Under applicable law, the fact that qualified and well-informed counsel endorse the proposed settlement as being fair, reasonable, and adequate weighs in favor of approval. *See, e.g., Kim v. Tinder, Inc.*, No. CV 18-3093-JFW(ASx), 2019 U.S. Dist. LEXIS 108041, at *27 (C.D. Cal. June 19, 2019); *Hollis v. Union Pac. R.R. Co.*, No. EDCV 17-2449 JGB (SHKx), 2018 U.S. Dist. LEXIS 161232, at *19 (C.D. Cal. Sep. 19, 2018); *Metrow v. Liberty Mut. Managed Care LLC*, No. EDCV 16-01133 JGB (KKx), 2018 U.S. Dist. LEXIS 100835, at *29 (C.D. Cal. June 14, 2018); *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 528 ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation[.]").

### e.    The Presence of a Governmental Participant

In determining the fairness of a settlement, the Court should consider whether the proposed settlement includes a governmental participant. Although State Defendants are government entities, the Ninth Circuit in *Hanlon* was referring to settlements in which the government was involved as a prosecutor. *Johnson v. Shaffer*, No. 2:12-cv-1059-KJM-ACP, 2016 WL 3027744, at *5 (E.D. Cal. May 27, 2016) (citing *Hanlon*, 150 F.3d at 1026). Accordingly, this factor weighs neither for nor against final approval of the Settlement Agreement.

### f.    The Reaction of the Class Members to the Proposed Settlement

In determining the fairness of a settlement, the Court should consider class member objections to the settlement. "The existence of overwhelming support for a settlement agreement by the class lends weight to a finding that the settlement agreement is fair, adequate, and reasonable." *Metrow*, 2018 U.S. Dist. LEXIS 100835,

at *29-30; *see also Corona v. Remington Lodging & Hosp.*, LLC, No. EDCV 17-1371 JGB (SPx), 2019 U.S. Dist. LEXIS 68116, at *25 (C.D. Cal. Apr. 22, 2019) (where no class member has objected to the settlement, this factor favors approval); *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 529 ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members.").

As discussed, as of the date of this submission, no one has objected to the proposed Settlement. Wallace Decl. ¶ 34. This factor also favors approval.

**B.     The Proposed Service Award Should Be Approved**

As discussed in Plaintiff's Motion for a Service Award (Dkt. No. 69) and the accompanying Declaration of Delena Serafin in support thereof, Plaintiffs request that this Court approve a service award for Plaintiff C.T. in the amount of $1,000 for her important and substantial contributions to the Settlement Class with respect to both the litigation and settlement of this matter. As of the date of this submission, no one has objected to the proposed service award. Wallace Decl. ¶ 34. In its Order granting preliminary approval this Court stated that "$1,000 is appropriately within the range approved by the Ninth Circuit and other courts within this District." Preliminary Approval Order, Dkt. No. 64 at 9; *see also*, *Alikhan*, 2020 WL 4919382, at *9 ("An award of $5,000 per named plaintiff is generally considered reasonable in the Ninth Circuit."). Accordingly, for the reasons stated in their papers, Plaintiffs respectfully requests that this Court grant the requested award.

**C.     Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs and Litigation Expenses Should Be Approved**

In accordance with Section 5 of the Settlement Agreement, Plaintiffs seek an award of reasonable attorneys' fees and expenses in the amount of $125,000. Dkt. No. 70. As of the date of this submission, no class member has objected to the proposed award of attorneys' fees, costs and litigation expenses. Wallace Decl. ¶ 40. As

explained in Plaintiffs' Motion Reasonable Attorneys' Fees, Costs and Expenses, the relief obtained here constitutes an "excellent result" for the Class and fully supports the requested award. *See* Dkt. No. 70 at 7-9. Accordingly, Plaintiffs respectfully request that this Court grant the requested amount in full.

## IV.    CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that this Court grant final approval of the Settlement Agreement. By separate motions filed concurrently herewith, Plaintiffs also request that this Court grant a service award of $1,000 to Plaintiff C.T., and award Class Counsel reasonable attorneys' fees, costs and litigation expenses in the amount of $125,000, as provided by the Settlement.

Dated:  February 16, 2021          Respectfully submitted,

SCHNEIDER WALLACE
COTTRELL KONECKY LLP


*/s/ Guy B. Wallace*
Guy B. Wallace

*Attorneys for Plaintiffs and the Settlement Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Central District of California, by using the Court's CM/ECF system on February 16, 2021.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

Dated: February 16, 2021

*/s/ Guy B. Wallace*
Guy B. Wallace